IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LEONARD OWENS, JR. | * |
| Petitioner | * |
| v. | * Civil Action No. PWG-16-927 |
| UNITED STATES | (Related Crim. Case: WDQ-98-383) |
| | * |
| Respondent | * |

\*\*\*

## MEMORANDUM OPINION

This case was instituted upon receipt of correspondence from Leonard Owens, Jr. ("Owens") requesting removal of his conviction for conspiracy to import cocaine in *United States v. Owens*, WDQ-98-383 (D. Md. 1998). ECF No. 1; *see also* Ltr. from Def. 1, ECF No. 227 in *United States v. Owens*, WDQ-98-383 (same letter filed in Owens's criminal case). The correspondence has been construed as a Petition for Writ of Habeas Corpus in the nature of mandamus relief pursuant to 28 U.S.C. § 2241.

Owens states that he was arrested on October 30, 1998, and completed probation in 2002. Pet. 1. He states that at the time he committed the offense, he was serving in the military, and he refers to his actions as a "stupid mistake." *Id.* He further relates that after completing probation, he served in Operation Enduring Freedom from 2002 through 2003 with the 769th Engineering Battalion, Ordnance Demo Team. *Id.* Owens asserts that removal of the criminal conviction from his record would assist him in furthering his career as a small business owner, becoming a certified welding inspector, and securing loans and employment requiring background checks. *Id.* In addition to Owens's letter on his own behalf, he includes letters from his father, Leonard Owens, Sr. (ECF No. 1-1), his mother-in-law, Danna M. Clark (ECF No. 1-2), and Ascension Parish Sheriff Deputy Curtis Bush (ECF No. 1-3). Owens currently resides in Louisiana where

he is married with children. *See* Clark Ltr.

There is no particular federal statute or regulation that generally authorizes expungement for a federal offense. A federal court has only very limited equitable power to order the expungement of records in a criminal case and its discretionary authority to do so is a narrow one which is reserved for the unusual or exceptional case. *See United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir.1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam); *Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990). The Fourth Circuit has concurred with this reasoning, recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g., Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984); *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972); *see also United States v. Chester*, No. L-87-0507, 2009 WL 943633, at *1 (D. Md. April 6, 2009); *United States v. Steelwright*, 179 F. Supp. 2d 567, 573 (D. Md. 2002); *United States v. Gary*, 206 F. Supp. 2d 741, 741-42 (D. Md. 2002).

The "extreme or exceptional" standard is difficult to prove. A person must demonstrate that he or she suffers significant adverse consequences as a result of his conviction. *Chester*, 2009 WL 943633 at *2. For example, this Court has stated that "extreme or exceptional circumstances . . . occur[], for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a constitutional right" or "when the statute on which the arrest was based is subsequently found to be unconstitutional." *Steelwright*, 179 F. Supp. 2d at 573-74. In addition, the denial of a security clearance or specific job opportunity under extreme and unusual circumstances may also form the basis for expungement. *Id.* In contrast,

asking for expungement for less urgent reasons, such as the desire to enhance employment opportunities, does not meet the required standard. *Gary*, 206 F. Supp. 2d at 741-42.

In *Gary*, 206 F. Supp. 2d 741, Gary, who had been acquitted of drug charges, sought to expunge her record so that she could "fulfill her dream of becoming a police officer." This Court denied the request, finding that while the district court possesses ancillary jurisdiction to expunge criminal records, it did not have power to order expungement based on "equitable considerations," *e.g.*, enhancement of employment opportunities, and its jurisdiction was limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *Id.*

The sole basis for expunction outlined by Owens is that the conviction was a regrettable choice, he completed the sentence imposed, he has remained innocent of any other wrongdoing, and he would benefit from opportunities that may be foreclosed to him given his conviction. Owens does not allege that he has been denied a specific job opportunity because of the conviction he seeks to be expunged. Rather, Owens states that he owns his own small business and wishes to expand his career opportunities. Pet. 1. The asserted basis for expungement does not constitute exceptional circumstances and the request must be denied. *See Gary*, 206 F. Supp. 2d at 741-42; *Chester*, 2009 WL 943633 at *2; *Steelwright*, 179 F. Supp. 2d at 574. In similar circumstances, other courts have declined to order expungement. *See United States v. Janik*, 10 F.3d 470, 472-73 (10th Cir. 1993); *United States v. Howard*, 275 F. Supp. 2d 260, 263 (N.D.N.Y. 2003); *United States v. Aigle*, 199 F.Supp.2d 5, 7 (E.D. N.Y. 2002); *see also United States v. Peralta*, 2006 WL 1804449, *2 (S.D. Ohio, June 28, 2006).

A separate Order follows.

04/18/16
Date

Paul W. Grimm
United States District Judge

3